UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| O'DELL XAVIER HOLDEN | Case No. 1:14-cv-914 |
| Plaintiff, | Judge Timothy S. Black |
| | Magistrate Judge Stephanie K. Bowman |
| vs. | |
| ATOS IT SOLUTIONS AND SERVICES, INC., *et al.*, | |
| Defendants. | |

**DECISION AND ENTRY DENYING PLAINTIFF'S
PENDING OBJECTIONS/MOTIONS (Docs. 115, 116, 117); AND
ORDER TO CLERK TO REFUSE ANY FUTURE FILINGS
BY PLAINTIFF IN THIS CASE**

## I. INTRODUCTION

This civil case is before the Court regarding three filings made by Plaintiff on May 18, 2017: (1) Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's motion for all stricken documents from the docket (Doc. 115); (2) Plaintiff's motion "requesting a substantive written order that substantiates the decision of Magistrate Bowman to dismiss Holden v. Atos for being frivolous and without merit" (Doc. 116); and (3) Plaintiff's motion to recuse (Doc. 117). For the reasons that follow, Plaintiff's objections (Doc. 115) and his two pending motions (Docs. 116, 117) are all **DENIED**; and the Clerk is **ORDERED** to refuse any future filing by Plaintiff in this case.

1

## II. ANALYSIS

A. **Plaintiff's objection to the Magistrate Judge's Order denying his motion for all stricken documents**

On April 17, 2017, Plaintiff filed a motion requesting that he be given all of the documents that had previously been stricken from the case. (Doc. 112). The motion was once sentence long and consisted entirely of the following: "I O'Dell Holden am requesting all stricken docs [sic] from the docket of 1:14-cv-00914 by Judge Bowman for further case investigation." (*Id.*). This motion was denied by the Magistrate Judge. In the Order denying the motion, the Magistrate Judge explained that the Court had denied a virtually identical motion filed May 24, 2016 (Doc. 104), and that Plaintiff's most recent motion contained no argument or authority to support his renewed request. (Doc. 113). As the Magistrate Judge's Order addresses non-dispositive matters, the Court will apply the "clearly erroneous" and "contrary to law" standards of review set forth in Federal Rule of Civil Procedure 72(a) when ruling on Plaintiff's objections.

Plaintiff's objections argue that this motion is not identical to the May 24, 2016 motion because several documents have been filed since then and the current motion is therefore requesting documents that had not been previously requested. (Doc. 115, at 1). This statement is correct, but does not address the Magistrate Judge's conclusion that Plaintiff has offered no new credible argument as to *why* the Court should grant him access to documents that have been stricken from the record. Plaintiff's objections merely rehash the same baseless accusations of collusion between the Magistrate Judge and Defendant Atos IT Solutions and Services, Inc. ("Atos") that have previously been

addressed by the Court. (*See* Part II.B, *infra*). The fact that new documents have been requested does not, in itself, rectify the lack of substantive merit in the motion.

Accordingly, Plaintiff's objections to the Magistrate Judge's order denying his motion for all stricken documents are denied.

**B.     "Motion for substantive written order"/motion to recuse**

The two most recently filed motions pending in this case are substantively similar, being based around Plaintiff's accusations impugning the character of both the Magistrate Judge and this Court. The first is titled as a motion "requesting a substantive written order that substantiates the decision of Magistrate Bowman to dismiss Holden v. Atos for being frivolous and without merit." (Doc. 116). The second is a motion requesting that the magistrate judge recuse herself from the case (however, given that the motion requests that "the superior to Magistrate Bowman and Judge Black rule on this motion," the motion is interpreted as a request for this judge to recuse as well).

Plaintiff alleges that the Magistrate Judge has acted unethically throughout the adjudication of this action to protect Defendant Atos. Plaintiff's motions contain several alleged examples of lies told by Atos during the discovery process and unethical actions taken by the Magistrate Judge to prevent Plaintiff from uncovering the truth behind those lies.

This is not the first time Plaintiff has requested recusal in this case. On November 9, 2015, Plaintiff filed a "motion for removal of Magistrate Judge Bowman from case 1:14-cv-914." (Doc. 86). The Magistrate Judge issued an Order denying that motion om April 12, 2016. (Doc. 101). Plaintiff objected to this Order on April 28, 2016, raising

3

substantively similar arguments to the arguments for recusal in Plaintiff's two motions currently pending before the Court. (Doc. 102). The Court denied Plaintiff's objections, finding that Plaintiff's accusations of bias on the part of the Magistrate Judge were based solely on a speculative allegation of "collusion" with absolutely no supporting evidence. (Doc. 105). Plaintiff has provided no new evidence or argument to support his assertions regarding bias on the part of any officer of the Court, and his duplicative motions are therefore without merit.

Accordingly, Plaintiff's motions (Docs. 116, 117) are denied.

### III. CONCLUSION

This case has been complete for some time. The Court dismissed the case by adopting the report and recommendation of the Magistrate Judge on June 13, 2016 (Doc. 105), and the Sixth Circuit Court of Appeals affirmed that dismissal by denying Plaintiff's appeal. (Doc. 111). Nevertheless, Plaintiff has continued to file frivolous motions raising duplicative arguments that have already been rejected by the Court. Plaintiff's actions harm the judicial system by requiring the Court to devote resources to analyzing and adjudicating the same issues that have already been finalized.

When a litigant abuses the judicial system by repeatedly filing frivolous lawsuits or motions, sanctions are appropriate. Federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–45 (1991); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). *Accord First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 513 (6th

Cir.2002) (courts possess inherent authority to sanction bad-faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes).

Plaintiff has exhausted his legitimate efforts to seek relief in this case; any other filing at this point serves solely to harass the Court. Given Plaintiff's penchant for filing repetitive, meritless post-judgment documents in this case and in an effort to bring this matter to a close, the Court invokes its authority under 28 U.S.C. § 1651(a) and **ORDERS** that the Clerk of Court not accept for filing any further documents by plaintiff in this action except for a Notice of Appeal from this Order. Accordingly, with the exception of a Notice of Appeal directed to the instant Order, no further post-judgment motions or documents will be entertained by the Court in this case, and the Clerk is **DIRECTED** to return without filing any such motions or documents presented by plaintiff. *See Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Polyak v. Boston,* No. 92-6527, 1993 WL 312000, at **1 (6th Cir. Aug. 17, 1993); *Thomas v.Hageman*, Case No. 4:03-cv-1049 (N.D. Ohio Dec. 31, 2003) (Doc. 19). *See also Castro v.United States*, 775 F.2d 399, 408 (1st Cir. 1984); *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984); *In re Green*, 598 F.2d 1126, 1127 (8th Cir. 1979).

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:
1) Plaintiff's objections to the magistrate judge's Order denying Plaintiff's motion for all previously stricken documents (Doc. 115) are **DENIED;**
2) Plaintiff's motion requesting a substantive written order that substantiates the decision of Magistrate Judge Bowman to dismiss Holden v. Atos for being frivolous and without merit (Doc. 116) is **DENIED;**

5

3) Plaintiff's motion to recuse (Doc. 117) is **DENIED;**

4) The Clerk shall not accept any future filings by Plaintiff in this case.

**IT IS SO ORDERED.**

Date: 5/26/17

*Timothy S. Black*
Timothy S. Black
United States District Judge